**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **NA-PETUH MOORISH SCIENCE** | : | |
| **TEMPLE,** *et al.,* | : | |
| | : | |
| **Plaintiffs,** | : | **NO.  3:10-CV-15 (CDL)** |
| | : | |
| **VS.** | : | |
| | : | |
| **WILLIAM MORGAN,** | : | **Proceedings Under 42 U.S.C. §1983** |
| | : | **Before the U.S. Magistrate Judge** |
| **Defendant.** | : | |

_____

## RECOMMENDATION

Before the Court are two Motions to Strike (Doc.13 and Doc.14) and a Motion to Dismiss (Doc. 17) filed by Defendant William Morgan.   For the following reasons, **IT IS RECOMMENDED** that the Motion to Dismiss be **GRANTED** and the Motions to Strike be **DENIED**.

### FACTUAL AND PROCEDURAL HISTORY

According to the Plaintiff's Complaint and attached exhibits, the facts of this case are as follows:  In September, 2009, upon a complaint by a representative of the Rent-A-Center in Athens, Georgia, an Athens-Clarke County Magistrate Judge issued an arrest warrant for Plaintiff Nebu Abba Re-El Bay for the offense of theft by conversion.  Arrest Warrant, Doc. 1- 4.  On January 3, 2010, pursuant to this warrant, Defendant Sgt. William Morgan went to Plaintiff's home and placed him under arrest.  Id.  During the course of this arrest, Defendant Morgan allegedly used excessive force.

Upon arriving at the Athens Clarke County Jail, Plaintiff Bay refused to be photographed or fingerprinted.  Doc.1, p. 9.  As a result, he remained in a cold holding cell without a coat or

sweater. Id. On January 3, 2010, reasoning that Plaintiff Bay's refusal to submit to the booking process constituted a waiver of his right to an initial appearance, Magistrate Judge Patricia Barron denied bond until such time as fingerprints and photographs were complete. Order Setting Bail, Doc.1-3. In addition, Judge Barron set another hearing for January 26, 2010. Id.

Upon learning of Judge Barron's actions, and to avoid further exposure to the cold conditions in the holding cell, Plaintiff agreed to be fingerprinted and photographed. Doc. 1, p.10. On February 2, 2010, due to the failure of anyone to appear on behalf of Rent-A-Center, Judge Barron dismissed the arrest warrant. Arrest Warrant, Doc. 1-4. Soon afterwards, on February 24, 2010, the instant action was filed by Plaintiff Bay, NA-Petuh Moorish Science Temple, The Aboriginal Law Firm, and The Murakush Society.

Within this Complaint, and in addition to allegations of unlawful arrest and excessive force, Plaintiffs contended that Sgt. Morgan and the Athens-Clarke County Sheriff's Department are guilty of peonage as well as various peace treaty and human rights violations. After review of this Complaint, and in accordance with 28 U.S.C. § 1915(a), the Court observed that the Athens-Clarke County Sheriff's Department was not a legal entity subject to suit or liability under 42 U.S.C. § 1983 and, as such, had to be dismissed. Doc. 7 and Doc. 12. Within the same review, and upon finding that the claims of false arrest and excessive force levied against Defendant Morgan were not wholly frivolous, the Court ordered that he be served and directed him to file an appropriate response. Id.

In response, Defendant Morgan filed the instant Motions to Strike and Motion to Dismiss. On October 12, 2010, the Court ordered Plaintiffs to file a response to the Motion to Dismiss on or before November 5, 2010. Doc. 18. Within this order, Plaintiffs were warned that a failure to

respond would result in the motion being considered as unopposed and, as a result, could lead to dismissal of their claims.  Id.  To date, no response has been filed.

DISCUSSION

Motion to Dismiss

The NA-Petuh Moorish Science Temple, The Aboriginal Law Firm, and The Murakush Society lack standing in this action and must, therefore, be dismissed.  To establish standing  as a plaintiff in a 42 U.S.C. §1983 case filed in a federal court, there are three requirements: 1) an actual or a threatened injury; 2) that injury is fairly traceable to the defendant's conduct; and 3) there is a sufficient likelihood that a favorable decision on the merits will redress the injury. *See, e.g.*, Allen v. Wright, 468 U.S. 737, 751 (1984); Warth v. Seldin, 422 U.S. 490, 498-500 (1975).  Here, these Plaintiffs have failed to demonstrate that they have suffered any actual or threatened injury.  Thus, further consideration of the issue of standing is unnecessary.  Accordingly, **IT IS RECOMMENDED** that Defendant Morgan's unopposed Motion to Dismiss be **GRANTED** and that The NA-Petuh Moorish Science Temple, The Aboriginal Law Firm, and The Murakush Society be **DISMISSED** as Plaintiffs in this action.

Motions to Strike

In support of his Motions to Strike, Defendant Morgan contends that the instant Complaint should be struck and that Plaintiff Ray should be required to re-draft and re-submit an amended complaint addressing only his claims of illegal arrest and excessive force.  After review, no amended complaint appears to be needed.  Indeed, though it could have been stated more clearly within the Report and Recommendation entered at as a result of the Court's 28 U.S.C. § 1915(a) review, the only claims remaining in this action are those involving the legality of Plaintiff Rey's arrest and the

allegedly excessive force used by Defendant Morgan.  Accordingly, and because it appears that Defendant Morgan's Motions to Strike are futile, **IT IS RECOMMENDED** that they be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these **RECOMMENDATIONS** with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

   **SO RECOMMENDED**, this 1st day of September, 2011.


                              s/ Charles H. Weigle
                              Charles H. Weigle
                              United States Magistrate Judge